GIFFEN, J.
The original action was commenced by Delia Wynne to enjoin the collection of an assessment entered against her lot fronting fifty feet on Ruth avenue and extending back on Woodburn avenue 115.55 feet, in the city of Cincinnati.
On December 19, 1890, an ordinance to improve Woodburn avenue was passed.
On June 8, 1891, Myers et al., trustees, being the owners of lots Nos. 15 and 16 fronting on Woodburn avenue, subdivided them into three lots fronting on Ruth avenue, and designated them as Nos. 15, 16 and 52, respectively.
Stephens & Lincoln, for Delia Wynne.
Corporation Counsel, for City.
Charles J. Inott, for Wm. S. Burkhart.
On July 9, 1891, the cost of the improvement was, by ordinance, levied and assessed .by the .front foot upon the lots bounding and abutting on Woodburn avenue. The city auditor entered the original lots 15 and 16 on the assessment book in the name of Myers et al., trustees; but afterwards, and before August 3, 1892, charged the entire assessment on lot No. 52, belonging to Delia Wynne.
On April 5, 1892. Meyers et al. - trustees, conveyed lot 15 of the new subdivision, and on April 25, 1892, lot 16 thereof to William S. Burkhart, with a covenant against “incumbrances, by, from, through, or under said- grantors.” On August 30, 1892, said trustees conveyed said lot 52 to Delia Wynne, with a covenant against “incumbrances, by, from, through, or under the said grantors,” and a warranty “against the lawful claims of all persons claiming by, through, or under the grantors herein,- excepting the unpaid portion of the street assessment for the improvement of said Woodburn avenue.”
On August 3, 1892, said trustees paid $98.97, the first annual installment of said assessment, and on July 26, 1893, the plaintiff paid $95.66, the second annual installment.
The court properly found that the assessment covered and extended equally over all the property, now lots 15, 16 and 52, and that all of said property was liable to the city for the payment of said assessment, for the reason that original lots 16 and 16 as they existed at the time the improvement ordinance was passed were subject to such assessment.
The question arises betweer William S. Burkhart, the owner of lots 15 and 16 of the new subdivision, and Delia Wynne, the owner of lot 52, whether the latter lot shall be first liable before resorting to the former.
The assessment became a lien on the entire property while the fee was still in Meyers et al., trustees, and the covenant in the deeds to Burkhart against encumbrances under the grantors, justified him in assuming that the trustees intended to charge the unpaid assessment upon the lot remaining in their hands, which they afterwards conveyed to Delia Wynne.
The covenant against encumbrances and of warranty in the deed to Delia Wynne contained an exception as to “the unpaid portion of the street assessment for the improvement of said Woodburn avenue,” which also shows an intention to charge the entire assessment on the lot thereby conveyed, and that its payment be assumed by the grantee.
But independent of any agreement to assume the payment of the assessment, the rule is that where lands incumbered by a lien are sold in separate parcels, to different purchasers at different times, each paying full value without regard to the incumbrance, the separate parcels shall be sold to satisfy the same, in the inverse order of alienation. Sternberger v. Hanna, 42 Ohio St., 305. Applying this rule to the case before us, the city would be required to exhaust the lot of Delia Wynne before subjecting those of Burkhart to the payment of any part of the assessment.
In so far as the judgment of the court of common pleas restrains the city from collecting the assessment from lot 52, the same is reversed and case remanded.